### THE NOE G.

### THE L'ETRURIA.

#### (Circuit Court of Appeals, Ninth Circuit.   August 7, 1916.)

#### No. 2689.

COLLISION ☞83—MOTOR BOATS MEETING IN FOG—MUTUAL FAULTS.
> A collision between two gasoline motor boats, which met nearly head on in a heavy fog, *held* due to faults on the part of each; one being in fault for failure to keep an efficient lookout, and the other for not sounding fog signals.
> [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 156, 167, 175; Dec. Dig. ☞83.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit in admiralty for collision by M. Costa and others, owners of the gasoline boat L'Etruria, against the gasoline boat Noe G.; Onerato Chappi, claimant. Decree dividing damages, and claimant appeals. Affirmed.

Charles C. Crouch and Claude L. Chambers, both of San Diego, Cal., for appellant.

C. G. Selleck and Marks P. Mossholder, both of San Diego, Cal., for respondents.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. This case arose out of a collision between two gasoline power boats, one named Noe G. and the other L'Etruria. At the time of the collision and for some time prior thereto there was a heavy fog prevailing, and the two boats were approaching each other practically dead ahead.

The court below found as facts that the lookout on L'Etruria sighted the Noe G. when the two boats were from 40 to 50 feet apart, whereupon the helm of L'Etruria was at once ported and she went to starboard; that the Noe G. did not sight L'Etruria until 10 to 15 feet from her, and that, had the lookout on the Noe G. been properly placed and attending to his duties, he could have seen L'Etruria when she was at least from 40 to 50 feet distant; that, after sighting L'Etru-

ria, the Noe G. held her course and struck L'Etruria on her port bow just forward of the chain plates, breaking a large hole in that boat, through which the sea entered so rapidly that within a few minutes she sank, with a consequent loss of $2,500—no damage resulting to the Noe G.

The court having further found that L'Etruria, although running in a heavy fog, had not prior to the collision been blowing her fog horn, accordingly found both boats equally in fault, and divided the damages. Manifestly the court was right in so doing, unless, as contended on the part of the appellant, owner of the Noe G., the finding of fact in respect to her lookout was not sustained by the evidence; but, after a careful reading of the testimony of the witnesses, we are of the contrary opinion, and accordingly affirm the judgment.

The judgment is affirmed.